UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON B. HURSLEY,

        Plaintiff,                                  Case No. 1:21-cv-12880

v.

                                                              Honorable Thomas L. Ludington
CORIZON HEALTH,                                             United States District Judge

        Defendant.
_____/

**ORDER TRANSFERRING CASE TO WESTERN DISTRICT OF MICHIGAN**

Plaintiff Jason B. Hursley is a Michigan prisoner incarcerated at the Calhoun County Correctional Facility in Battle Creek, Michigan. His pro se Complaint names "Corizon Health" as Defendant, which Plaintiff claims provides medical services at Calhoun County Correctional Facility. The Complaint alleges that Defendant is violating Plaintiff's constitutional rights by denying him medical treatment.

The determination of the proper venue for a civil action in federal court is generally governed by 28 U.S.C. § 1391. Relevant here, § 1391 provides that a civil action may be brought in (1) a judicial district in which any defendant resides, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. *Id.* § 1391(b). If venue is improper in the district where a case is filed and would be proper in another district, the presiding "district court has the power to sua sponte transfer [the] case." *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012) (unpublished).

Plaintiff's facility is in Calhoun County, where he asserts that the Defendant does business. And he alleges that the events giving rise to the Complaint occurred in Calhoun County. Calhoun County is part of the Western District of Michigan. 28 U.S.C. § 102(b).

Because there is no apparent basis for venue to lie in the Eastern District of Michigan and facts in the Complaint suggest that venue would be proper in the Western District of Michigan, this Court finds that the interests of justice would be served by transferring the case to the Western District of Michigan, where it should have been filed in the first instance. *See id.* § 1406(a).

Accordingly, it is **ORDERED** that the above-captioned case be **TRANSFERRED** to the United States District Court for the Western District of Michigan under 28 U.S.C. §1406(a). This Court has neither decided Plaintiff's Motion to Proceed in Forma Pauperis, nor has it reviewed Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. §1997e(c).

Dated: December 20, 2021                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge