UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

JASON BURR HURSLEY,

          Plaintiff,                    Case No. 1:21-cv-1086

v.                                          Honorable Sally J. Berens

CORIZON HEALTH,

          Defendant.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff previously sought and was granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 10.)

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim. Additionally, the Court will deny Plaintiff's motion for the appointment of counsel. (ECF No. 3.)

**Discussion**

**I.      Factual allegations**

Plaintiff is presently incarcerated at the Calhoun County Correctional Center in Battle Creek, Calhoun County, Michigan.[1] The events about which he complains occurred at that facility. Plaintiff sues Corizon Health.

In Plaintiff's complaint, he alleges that "Corizon Health has denied [him] proper medical treatment." (Compl., ECF No. 1, PageID.1.) Specifically, Plaintiff contends that "[w]hen [he] first came to Jail[,] [he] had a small hernia[,] [and] [s]ince his incarceration [the] hernia has doubled in size and has become intesti[]nal causing constant pain and [a]ffecting day[-]to[-]day activities." (*Id.*) Plaintiff states that "the existe[]nce of chronic and substantial pain is serious." (*Id.*, PageID.3.) Plaintiff was "[d]enied a second opinion, x[-]rays, [an] ultrasound[,] [and the] advice of a surg[e]on or proper doctor." (*Id.*, PageID.1.)

Plaintiff contends that "Corizon Health medical staff [are] not providing [him] with medical treatment that would be available to him if he was not incarcerated." (*Id.*, PageID.2.) Plaintiff states that "[w]hile [he] continues to address medical staff (Corizon Health)[,] he is told his medical condition is not serious and does not warrant medical treatment." (*Id.*) Plaintiff further

---

[1] According to the MDOC's Offender Tracking Information System, the MDOC classifies Plaintiff as a "Parolee - Held under custody." *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=415764 (last visited Feb. 4, 2022).

Based on records from the Calhoun County Circuit Court, it appears that Plaintiff pleaded guilty to narcotics-related charges in February 2021. *See* Calhoun Cnty. Cir. Ct., Case No. 2020-0000002661-FH, https://micourt.courts. michigan.gov/case-search/court/C37 (search "Last Name," Hursley, and "First Name," Jason; select "Case ID," 2020-0000002661-FH). Thereafter, Plaintiff was sentenced in March 2021 and was released on probation. *Id.* Plaintiff violated the terms of his probation and is now incarcerated at the Calhoun County Correctional Center. *Id.* Due to Plaintiff's guilty plea, he is housed at the Calhoun County Correctional Center as a convicted prisoner, not a pretrial detainee.

states that "Corizon Health Staff[,] namely Appleby[,] ref[e]rred to by medical staff as the (provider)[,] has denied Plaintiff proper medical treatment." (*Id.*)  Plaintiff states that "Appleby[,] an employee representing Corizon Health[,] has told [Plaintiff] ['t]hey won't treat you[.']" (*Id.*, PageID.3.)[2]

Based on the foregoing allegations, Plaintiff avers that Defendant violated his rights under the Eighth Amendment.  As relief, Plaintiff requests that he be "[a]llow[ed] . . . to seek comp[e]tent medical treatment," and he requests that the Court "[a]ssist [him] with applying for temporary release to have surgery." (*Id.*, PageID.1.)  Plaintiff also requests "[m]onetary compensation due to pain and suffering." (*Id.*)

## II. Motion for the appointment of counsel

Plaintiff has requested the appointment of counsel.  (ECF No. 3.)  Indigent parties in civil cases have no constitutional right to a court-appointed attorney.  *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993).  The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances.  In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action

---

[2] In Plaintiff's complaint, he states that "[he] is being held in a correctional facility that refuses to provide [him] access to [the] law library." (Compl., ECF No. 1, PageID.3.)  Plaintiff does not allege that Defendant Corizon Health is involved in the denial of his access to the law library.  It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–61 (2007) (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim).  Therefore, to the extent that Plaintiff seeks to hold Defendant Corizon Health liable for his inability to access the law library, he fails to state such a claim against Defendant.

without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court carefully considered these factors and determined that the assistance of counsel was not necessary to the proper presentation of Plaintiff's position. Plaintiff's motion for the appointment of counsel (ECF No. 3) therefore will be denied.

## III. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendant Corizon Health

In this action, Plaintiff names Corizon Health as the sole Defendant. (Compl., ECF No. 1, PageID.1.) A private entity that contracts with the state to perform a traditional state function like providing healthcare to inmates—as Corizon Health does—can "be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West*, 487 U.S. at 54), *abrogated on other grounds by Warren v. Prison Health Servs., Inc.*, 576 F. App'x 545 (6th Cir. 2014). The requirements for a valid Section 1983 claim against a municipality apply equally to private corporations that are deemed state actors for purposes of Section 1983. *See Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (recognizing that the holding in *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658 (1978), has been extended to private corporations); *Street*, 102 F.3d at 817–18 (same); *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 409 (2d Cir. 1990) (same); *Cox v. Jackson*, 579 F. Supp. 2d 831, 851–52 (E.D. Mich. 2008) (same).

"Under 42 U.S.C. § 1983, while a municipality can be held liable for a constitutional violation, there is no vicarious liability based on the acts of its employees alone." *Lipman v. Budish*, 974 F.3d 726, 747 (6th Cir. 2020) (citing *Monell*, 436 U.S. 690–91). Instead, a municipality "can be sued under § 1983 only when a policy or custom of that government caused the injury in question." *Id.* (citations omitted). "[T]he finding of a custom or policy is the initial

5

determination to be made in any municipal liability claim." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996).  Further, the policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy.  *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005) (citing *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003)); *Claiborne Cnty.*, 103 F.3d at 508–09.

A "policy" includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the governmental body's officers.  *Monell*, 436 U.S. at 690.  A "custom" is a practice "that has not been formally approved by an appropriate decision maker," but is "so widespread as to have the force of law."  *Board of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) (citations omitted).

Consequently, because the requirements for a valid Section 1983 claim against a municipality apply equally to Corizon Health, Corizon Health's liability, like a governmental entity's liability, "must also be premised on some policy [or custom] that caused a deprivation of [a prisoner's] Eighth Amendment rights."  *Starcher*, 7 F. App'x at 465.  Additionally, Corizon Health's liability in a Section 1983 action cannot be based on a theory of respondeat superior or vicarious liability.  *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citation omitted).

Here, Plaintiff has failed to identify a policy or custom.  Although it is clear from Plaintiff's complaint that he believes that "Corizon Health medical staff [are] not providing [him] with medical treatment that would be available to him if he was not incarcerated," Plaintiff fails to allege any facts to show that this action, or inaction, by Defendant's medical staff is the result of a custom or policy.  (Compl., ECF No. 1, PageID.2.)  Where a plaintiff fails to allege that a policy or custom existed, dismissal of the action for failure to state a claim is appropriate.  *Rayford v. City*

*of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of Section 1983 action when plaintiff's allegation of a policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation).

Plaintiff therefore fails to state a Section 1983 claim against Defendant Corizon Health. Moreover, even assuming that Defendant Corizon Health could be held liable under Section 1983 despite Plaintiff's failure to allege the existence of a policy or custom, as explained below, Plaintiff fails to allege sufficient facts to state a plausible Eighth Amendment claim.

### B. Eighth Amendment

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d

531, 539–40 (6th Cir. 2008).  Obviousness, however, is not strictly limited to what is detectable to the eye.  Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear.  *See, e.g.*, *Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious).  If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care.  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Farmer*, 511 U.S. at 835.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.  To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude

8

that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

However, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the United States Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster*, 749 F.3d at 448; *Perez v. Oakland Cnty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007);

9

*McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440–41 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, . . . he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell*, 553 F. App'x at 604 (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). The prisoner must demonstrate that the care the prisoner received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

In this action, Plaintiff alleges that "[w]hen [he] first came to Jail[,] [he] had a small hernia[,] [and] [s]ince his incarceration [the] hernia has doubled in size and has become intesti[]nal causing constant pain and [a]ffecting day[-]to[-]day activities." (Compl., ECF No. 1, PageID.1.) Plaintiff contends that he was "[d]enied a second opinion, x[-]rays, [an] ultrasound[,] [and the] advice of a surg[e]on or proper doctor." (*Id.*) Plaintiff states that "[w]hile [he] continues to address medical staff (Corizon Health)[,] he is told his medical condition is not serious and does not warrant medical treatment." (*Id.*, PageID.2.) Plaintiff contends that "Corizon Health Staff[,] namely Appleby[,] . . . has denied Plaintiff proper medical treatment," (*id.*), and has told Plaintiff, "they won't treat you." (*Id.*, PageID.3 (internal quotation marks omitted).)

Assuming, without deciding, that Plaintiff has adequately alleged the objective component of the relevant two-prong test, with respect to the subjective component, although Plaintiff's allegations in his complaint are, in part, conclusory, it is apparent from Plaintiff's complaint that he has received medical treatment and that medical staff did not disregard a substantial risk of serious harm to Plaintiff. Specifically, Plaintiff alleges that he was "[d]enied *a second opinion*"

10

and was denied "*proper* medical treatment," indicating that medical staff have evaluated Plaintiff and have made a determination regarding his need for medical treatment. (*Id.*, PageID.1 (emphasis added).) Based on Plaintiff's allegations, it is clear that Plaintiff disagrees with the medical staff's treatment decisions and would like to have a second opinion; however, "a patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983." *Darrah*, 865 F.3d at 372 (citations omitted); *Mitchell*, 553 F. App'x at 605 ("[A] desire for additional or different treatment does not suffice by itself to support an Eighth Amendment claim." (citations omitted)). Likewise, with respect to Plaintiff's allegation that he was denied "x[-]rays" and an "ultrasound," "the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is [also] a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107 ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment[;] [a]t most it is medical malpractice."). Accordingly, while nothing in this opinion prevents Plaintiff from bringing a medical malpractice claim in state court, because Plaintiff has failed to allege facts showing that medical staff were deliberately indifferent to his serious medical needs, his Eighth Amendment claim is properly dismissed.

## Conclusion

Plaintiff's motion for the appointment of counsel (ECF No. 3) will be denied. Furthermore, having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court

does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of Section 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

       This is a dismissal as described by 28 U.S.C. § 1915(g).

       A judgment consistent with this opinion will be entered.


Dated: February 24, 2022                               /s/ Sally J. Berens
                                                                  SALLY J. BERENS
                                                                  U.S. Magistrate Judge